848 P.2d 425

**In the Matter of Client Security Fund Claims 91–021 to 91–022, 91–024 to 91–028 and 91–030 Regarding the Law Offices.**

**Joseph L. WILLIAMS II, Petitioner,**

**v.**

**IDAHO STATE BAR, Respondent.**

**No. 19924.**

Supreme Court of Idaho,
Boise, January 1993 Term.

Feb. 25, 1993.

Joseph L. Williams II, pro se.

Michael J. Oths, Idaho State Bar Counsel, Boise, for respondent.

McDEVITT, Chief Justice.

## BACKGROUND AND PRIOR PROCEEDINGS

On January 7, 1992, the Client Security Fund Committee of the Idaho State Bar ("Committee") issued its Findings of Fact, Conclusions of Law, and Recommendations in the matter of claims regarding "The Law Offices." The Committee considered the testimony given and claim forms filed by ten claimants on September 24, 1991, written responses filed by Mark Knapp and Richard Vance (attorneys who practiced at "The Law Offices"), additional documentary evidence, and additional evidence produced by Bar Counsel. The Committee concluded that "the activities of 'The Law Offices' constituted an overall and continuing pattern of dishonest conduct," and recommended that the Board of Commissioners of the Idaho State Bar ("Board") allow the claims of eight persons in specified

amounts and that there be conducted a "full investigation of the matters described above, to determine whether disciplinary action is warranted."

The Committee specifically concluded that eight of the ten claimants were the victims of "dishonest conduct"[1] by "The Law Offices," six claimants having paid money to the firm and received no tangible work or their money back, one claimant having entrusted a sum of money to the firm for the purpose of making bankruptcy plan payments and the firm not making the payments or returning the money, and one claimant having paid for a complete divorce which she did not receive, forcing her to hire another attorney to complete the divorce. Two of the claims were rejected as involving fee disputes.

The Committee found that the claims were filed within the three year statute of limitations. I.B.C.R. 604(c). Further, it found that Williams, Mark S. Knapp, and Richard Vance, were primarily responsible for the activities of "The Law Offices" during the relevant time period. Finally, each of these attorneys were notified of the pending claims, but the mailings to Williams were returned "unclaimed."

On March 16, 1992, the Board issued its Findings of Fact and Conclusions of Law. The Board adopted the findings, conclusions, and recommendations of the Committee.

On March 30, 1992, Williams filed an exception to the Findings of Fact and Conclusions of Law of the Board. Among other things, Williams contended that the Bar was foreclosed from these proceedings due to his bankruptcy filing and that he did not receive notice of the proceedings.[2]

## ANALYSIS

### A. A BRIEF HISTORY OF THE CLIENTS' SECURITY FUND.

In 1969, the Idaho State Legislature amended I.C. § 3–409 to provide for the establishment and maintenance of a Clients' Security Fund to be administered by the Board of Commissioners of the Idaho State Bar under rules approved by the Idaho Supreme Court. An Act Relating To License Fees For Idaho Attorneys, ch. 245, § 1, 1969 Idaho Session Laws 770, 771–72. Prior to 1986, the Clients' Security Fund was governed by Rule 178 of the Rules of the Idaho Supreme Court and the Board of Commissioners of the Idaho State Bar. On July 1, 1986, the year that the Idaho State Bar Commission Rules were first adopted in their present form, section VI, Clients' Security Fund, of the rules became effective for all claims filed after that date. I.B.C.R. 600(b). The purpose of the Clients' Security Fund, as stated in section VI, is:

> There is established, as provided in I.C. § 3–409, the Clients' Security Fund of the Idaho State Bar for the purposes of maintaining the integrity and protecting the good name of the legal profession by reimbursing claimants for losses caused by the dishonest conduct of a lawyer.

I.B.C.R. 600(a). Section VI of the I.B.C.R. provides, *inter alia*, for appropriations and maintenance of the fund, I.B.C.R. 602, establishment of a Clients' Security Fund Committee, I.B.C.R. 603, the procedure for filing claims for reimbursement from the fund, I.B.C.R. 604, the procedure for processing claims, including filing exceptions to the findings and requesting this Court for review, I.B.C.R. 605, a maximum

---

**1.** Idaho Bar Commission Rule 601(e) defines "dishonest conduct" to include the "[r]efusal to refund unearned fees received in advance as required by Rule 1.16 of the Idaho Rules of Professional Conduct."

**2.** Oral argument before this Court was set for Monday, January 11, 1993, at 8:50 a.m. Counsel for the Idaho State Bar appeared to present argument. Williams did not appear. The Clerk of the Court informed the Court of his office's efforts to contact Williams, both prior to January 11 and on the morning of January 11. Bar counsel agreed to have the case submitted for decision on the briefs filed by the parties. We note that Williams filed a motion for continuance with this Court on Monday, January 4, 1993. The motion was denied by order issued on Thursday, January 7, 1993. This action by the Court was communicated to Williams' listed telephone number and address both, by the Clerk of the Court.

amount of reimbursement, I.B.C.R. 606, the method of payment, I.B.C.R. 607, and subrogation rights for the fund, I.B.C.R. 608.

## B. WHAT IS THE APPROPRIATE STANDARD OF REVIEW FOR A PETITION FROM FINDINGS AND CONCLUSIONS OF THE BOARD REGARDING AN AWARD TO CLAIMANTS FROM THE CLIENTS' SECURITY FUND?

 On review of recommendations and findings of the Idaho State Bar, this Court exercises independent review of the record to determine whether the evidence supports the findings, giving great weight to the findings. *In re Matter of Jenkins*, 120 Idaho 379, 383, 816 P.2d 335, 339 (1991). Further, the burden is on the petitioner (Williams) to show that the findings are not supported by the evidence. *In re Matter of Jenkins*, 120 Idaho at 383, 816 P.2d at 339. However, instead of the clear and convincing evidence standard "historically required in attorney disbarment and disciplinary actions," *In re Matter of Jenkins*, 120 Idaho at 384, 816 P.2d at 340, we apply a preponderance of the evidence standard in Clients' Security Fund actions in accordance with the applicable rule, I.B.C.R. 613(e).[3]

## C. APPLICATION OF STANDARD OF REVIEW.

 This Court issued an order suspending Williams from the practice of law for a period of one year on July 27, 1990. In its sixth finding of fact, the Board found that Williams was one of three attorneys "primarily responsible for the activities of 'The Law Offices' during the time when the claims were generated." The Board's findings reveal that of the eight claimants who were awarded reimbursement from the Clients' Security Fund, two of them paid

for legal services from "The Law Offices" prior to Williams' suspension from the practice of law in Idaho. Rose Hymas ("Hymas") hired the firm in January of 1990, and Gloria Medina ("Medina") hired the firm in April of 1990. Since Williams was prohibited from practicing law after July 27, 1990, our review of Williams' petition from the Board's findings and conclusions is limited to the Hymas and Medina claims.[4]

The Board found that Hymas hired the firm to represent her in bankruptcy and divorce matters, paying the firm $165.00 in attorney fees. She received no "apparent services," and the money was not returned. Our review of the record satisfies us that the preponderance of the evidence supports this finding.

The Board found that Medina hired the firm to represent her in a divorce, paying the firm $402.00 in attorney fees. Her case was "eventually dismissed for inactivity," and she hired another attorney to represent her, paying him $100.00. Our review of the record satisfies us that the preponderance of the evidence supports this finding.

We note that in *no way* does the Board's Findings and Conclusions or this opinion adjudge Williams to be personally liable to recompense the Clients' Security Fund for the amount paid to Hymas and Medina. The claimants were reimbursed from a fund that consists of money accumulated through assessments to all members of the Idaho State Bar. I.B.C.R. 602.

The Clients' Security Fund is subrogated to the amount of money paid to the claimants. I.B.C.R. 608. The personal liability of Williams, if any, would be determined in a separate action brought by the Idaho State Bar pursuant to its right of subrogation.

---

3. I.B.C.R. 613(e) provides that "[a]ny issue of fact shall be proved by a preponderance of the evidence."

4. I.B.C.R. 605(d)(7) provides that "[e]ither party to the proceeding may request a review by the

Supreme Court and file exceptions to the findings and recommendations of the Board." "Party" is not defined in the rules. The Idaho State Bar does not contest Williams' standing to file this petition for review.

For the above reasons, we affirm the Board's Findings and Conclusions with respect to the claims of Hymas and Medina.

Costs to respondent.

BISTLINE, JOHNSON, TROUT, JJ. and REINHARDT, J., Pro Tem, concur.