910 P.2d 153

**In the Matter of Howard W. Matthews, Attorney at Law.**

**IDAHO STATE BAR, Plaintiff,**

v.

**Howard W. MATTHEWS, Defendant.**

No. 20584.

Supreme Court of Idaho,
Twin Falls, March 1994 Term.

June 15, 1994.

Dan C. Grober, Idaho State Bar Counsel, Boise, for plaintiff.

Howard W. Matthews, pro se.

PER CURIAM.

## I

### BACKGROUND AND PROCEDURE

The essential facts in this attorney disciplinary matter are not in dispute. Suzanne and Stephen Patterson (the "Pattersons") hired Howard W. Matthews ("Matthews") to file a Chapter 7 bankruptcy petition on their behalf. The bankruptcy trustee objected to the Pattersons' claimed homestead exemption and Matthews did not respond to the claim. The bankruptcy trustee's attorney notified Matthews that the trustee intended to liquidate the property for its equity, and that the Pattersons' failure to cooperate would result in the revocation of their bankruptcy discharge. The trustee's attorney requested that Matthews respond within ten days. Matthews did not respond to this request. The bankruptcy court then directed the Pattersons to vacate and surrender the property.

The trustee's attorney again contacted Matthews on June 22, 1989, and asked that Matthews respond within ten days. Matthews again failed to respond. The Trustee thereafter filed a complaint to revoke the Pattersons' discharge, which Matthews answered on the Pattersons' behalf.

Matthews was charged in a three count bar disciplinary complaint with: (1) neglect in his handling of the Patterson bankruptcy case, in violation of the Idaho Rules of Professional Conduct (I.R.P.C.) Rule 1.3,[1] (2) making untrue statements to the Pattersons regarding his handling of their case, in violation of I.R.P.C. 8.4(c),[2] and (3) making a false

---

1. I.R.P.C. 1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

2. I.R.C.P. 8.4 provides:

It is professional misconduct for a lawyer to:
. . . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]

statement during the course of the bar disciplinary proceeding against him, in violation of I.R.P.C. 8.1(a)[3] and 8.4(c).[4] Matthews answered the complaint, denying the allegations of wrongdoing. Prior to the hearing before Idaho State Bar Professional Conduct Board Hearing Committee ("Committee"), the parties filed a stipulation in which Matthews admitted to the allegations in counts one and two of the complaint.

The Committee held a hearing on February 10, 1994, and issued its findings of facts and conclusions of law on April 7, 1994. The Committee concluded that, in addition to failing to diligently represent and making false and misleading statements to the Pattersons, Matthews also made materially false statements in a bar disciplinary proceeding through a letter of explanation he wrote to the Bar. Based on its findings and the stipulation, the Committee recommended that Matthews be suspended from the practice of law in the state of Idaho for ninety days, that the suspension be withheld, and that Matthews be placed on probation for one year, subject to several conditions.

## II

### DISCUSSION

■ Although this Court affords great weight to the Committee's recommendations and findings, *In re Tway*, 123 Idaho 59, 61, 844 P.2d 688, 690 (1992), the responsibility of suspending or disbarring an attorney ultimately rests with the Supreme Court. *Id.; Williams v. Idaho State Bar*, 123 Idaho 367, 369, 848 P.2d 425, 427 (1993); *In re Jenkins*, 120 Idaho 379, 383, 816 P.2d 335, 339 (1991). As such, this Court is empowered to reach an independent judgment on the record before it. *Tway*, 123 Idaho at 61, 844 P.2d at 690. In reaching such a judgment, this Court must consider the goals of protecting the public and the legal profession, *id.*, as well as encouraging public confidence and participation in the disciplinary process.

■ The record in this proceeding substantiates the Committee's findings that Matthews neglected his clients' legal matters, intentionally made misleading statements to those clients in order to conceal his neglect, and made misleading statements in the course of a disciplinary proceeding. The record before the Court does not, however, support the Committee's conclusion that a withheld suspension is an adequate sanction in light of the goals of imposing sanctions discussed above. This Court therefore orders that Matthews be suspended from the practice of law for ninety (90) days. Matthews is further ordered to pay restitution to the Pattersons in the amount of $2881.08 for expenses incurred as a result of Matthews' misconduct.[5] Upon completion of the terms of his suspension, Matthews may petition for reinstatement pursuant to I.S.B.C.R. 518(a)(3).

---

3. I.R.P.C. 8.1(a) provides that an attorney shall not "knowingly make a false statement of material fact" in connection with a bar disciplinary matter.

4. I.R.C.P. 8.4 provides:
   It is professional misconduct for a lawyer to:
   . . . .
   (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

5. This figure is based on those allowable costs claimed by the Pattersons in the accompanying case, *In re Patterson*, 126 Idaho 266, 881 P.2d 1284 (1994), in which the Pattersons sought recovery from the client security fund.