978 P.2d 222

**In the Matter of the Petition for Review of Hearing Committee of the Professional Conduct Board of Idaho State Bar.**

**DEFENDANT A, Claimant–Petitioner,**

v.

**IDAHO STATE BAR, Respondent.**

**No. 24632.**

Supreme Court of Idaho,
Boise, February 1999 Term.

April 23, 1999.

G.W. Haight, Coeur d'Alene, for petitioner.

Michael J. Oths, Idaho State Bar Counsel; Jo–Ann Leigh Bowen, Assistant Bar Counsel, Boise, for respondent.

KIDWELL, Justice.

Defendant A appeals from a private reprimand and order to pay $270 in restitution imposed by the Professional Conduct Board (Conduct Board) of the Idaho State Bar (ISB). The Conduct Board disciplined Defendant A for violating Rule 1.15(b) of the Idaho Rules of Professional Conduct (I.R.P.C.). We affirm.

## I.

### FACTS AND PROCEDURAL HISTORY

Carol Powell, along with her son and daughter-in-law, consulted Defendant A in November 1989 concerning the son and daughter-in-law's financial difficulties. At the consultation, the three agreed that Powell would make a loan to the couple, secured in part by a deed of trust on the couple's property. Powell paid a retainer of $100 to Defendant A. Defendant A drew up a promissory note and deed of trust in which a title company was the trustee and Powell was the beneficiary and secured party. Defendant A claimed to have sent the original promissory note to Powell; Powell asserted that she did not receive the note. The deed of trust was filed with the county, but Defendant A kept the original deed of trust.

Afterwards, the son and daughter-in-law divorced. In the divorce settlement, the former daughter-in-law, now Cheryl Lott, obtained the property which was subject to the debt and deed of trust. When Powell threatened to foreclose, Lott contacted Defendant A for advice, generating a bill of $270. Lott did not pay the bill.

In June 1995, Powell contacted Defendant A, requesting the original note and deed of trust. Powell believed that she needed the original documents in order to receive money in escrow when Lott sold the property. Defendant A claimed that he did not have the original note. He acknowledged holding the original deed of trust, but refused to release it until Lott's $270 debt was paid. On August 2, Defendant A scrawled a note which read:

> To Whom it May Concern:
> My files are in storage. Based on my present recollection, I have some documents which are the property of Rory & Sheryl Powell. I am prepared to release those documents upon being paid the balance due which is owing from Rory and Sherry to [firm name].

Defendant A released the original deed of trust to Powell when she paid him $270 cash.

Powell filed an ISB grievance against Defendant A in October 1995. In January 1996, bar counsel wrote Defendant A, enclosing a copy of Powell's grievance and asking Defendant A to address his possible violation of I.R.P.C. 1.15. Defendant A requested clarification. Bar counsel's reply highlighted the relevant section of I.R.P.C. 1.15(b) and wrote, "Ms. Powell is asserting that you refused to return her property, namely the original documents."

In March 1996, Defendant A wrote bar counsel, "I am not aware of any property in

my possession belonging to Carol Powell which I ever refused to return to her...." Bar counsel responded later that month:

> Ms. Powell asserts the following: 1) She entrusted original papers to you that were her property[.] 2) She needed the original papers for subsequent business[.] Those documents were: a) Promissory Note b) Deed of Trust[.] 3) You refused to return them to her until she paid someone else's legal fees in an unrelated matter[.]

Defendant A replied that he disagreed with Powell's factual assertions.

After receiving Defendant A's reply, bar counsel continued to investigate the matter. In October 1997, bar counsel issued a private reprimand to Defendant A. Defendant A requested a review of the decision, a hearing, and an opportunity to brief. At a telephonic hearing on March 12, 1998, Defendant A was allowed to submit briefs, present evidence, and make oral argument before a Conduct Board hearing committee.

The Conduct Board presented its decision on March 23, 1998. It found that Powell had a "right to possession and control of the deed of trust" as its beneficiary and secured party. It stated:

> [B]y not delivering the deed of trust upon the request of Cheryl [sic] Powell, but in fact conditioning the release of that deed of trust by payment of attorney fees owed by Cheryl Lott on matters adverse to the interests of Carol Powell ... [Defendant A] has violated provisions of Rule 1.15.

The Conduct Board not only approved bar counsel's private reprimand, but modified the discipline to include payment of $270 in restitution to Powell.

## II.

## STANDARD OF REVIEW

■ This Court bears the ultimate responsibility for determining what sanctions should be imposed on an attorney. *Idaho State Bar v. Williams,* 126 Idaho 839, 843, 893 P.2d 202, 206 (1995). In reviewing a decision of the Conduct Board, we independently review the record and assess the evidence. *Runsvold v. Idaho State Bar,* 129 Idaho 419, 420, 925 P.2d 1118, 1119 (1996).

However, we give "great weight" to the Conduct Board's findings of fact. *Id.* (quoting *Idaho State Bar v. Jenkins (Jenkins I),* 120 Idaho 379, 383, 816 P.2d 335, 339 (1991)). Although ISB must prove the misconduct by clear and convincing evidence, *Idaho State Bar v. Topp,* 129 Idaho 414, 415–16, 925 P.2d 1113, 1114–15 (1996); *see also* Idaho Bar Commission (IBC) Rule 522(f); Defendant A bears the burden of showing that the Conduct Board's factual findings are not supported by the evidence. *Runsvold,* 129 Idaho at 420, 925 P.2d at 1119.

## III.

## ANALYSIS

### A. Defendant A Violated I.R.P.C. 1.15 by Releasing the Deed of Trust to Powell Only Upon Her Payment of Lott's Debt.

The Idaho State Bar, through the Professional Conduct Board, may recommend sanctions for an attorney who commits "[a]cts or omissions ... which violate the Idaho Rules of Professional Conduct ... whether or not the acts or omissions occurred in the course of an attorney-client relationship." IBC Rule 505(a). Here the Conduct Board disciplined Defendant A for violating I.R.P.C. 1.15(b), which states:

> Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

■ A deed of trust is a conveyance of real property. I.C. § 45–1513. To be valid, a conveyance of property requires delivery of the instrument. *McLaws v. Casey,* 88 Idaho 348, 353, 400 P.2d 386, 389 (1965); *see also Walter E. Wilhite Revocable Living Trust v. Northwest Yearly Meeting Pension Fund,* 128 Idaho 539, 547, 916 P.2d 1264, 1272

(1996). Delivery is sufficient when the grantor parts with control of the deed and does not retain a right to keep it. *Williams v. Williams*, 82 Idaho 451, 455, 354 P.2d 747, 749 (1960). Delivery has not been accomplished merely when the grantee knows of the existence of a deed. *Glander v. Glander*, 72 Idaho 195, 199, 239 P.2d 254, 256 (1951).

■ Although for practical purposes a deed of trust is only a mortgage with power of sale, title to the real estate does pass for the purpose of the trust. *Long v. Williams*, 105 Idaho 585, 587–88, 671 P.2d 1048, 1050–51 (1983). Legal title to the property is conveyed by the deed of trust to the trustee. I.C. § 45–1502(4). Like any deed, a deed of trust must be delivered to give it effect. Only *after* the obligation secured by the deed of trust is satisfied is the deed of trust reconveyed to the grantor. I.C. §§ 45–1202, 45–1203.

In addition to the general rules requiring delivery, here the deed of trust itself required conveyance to the beneficiary. Its provisions allowed Powell to deliver the instrument to the trustee for reconveyance to the grantors either before or after payment in full was made on the promissory note.

■ Defendant A, acting for the grantors, had a duty to deliver the deed of trust to either the trustee or to Powell, beneficiary of the trust. He did neither. Instead, he declared that the title document was the property of the grantor and held the document as Lott's property.

Defendant A's conduct violated I.R.P.C. 1.15(b) in at least two ways. First, Defendant A, in holding the deed of trust, did not "promptly notify" the title company or Powell that he held the document. The deed of trust was recorded in April 1990, but it was not until June 1995, in response to pointed questioning from Powell's attorney, that Defendant A conceded that he held the deed of trust. Second, Defendant A failed to "promptly deliver" the deed of trust to Powell upon her request. Rather, he held the document hostage until Powell paid Lott's bill.

Defendant A's suggestion that Powell was not entitled to her own property because she could pay the county for a copy of the original document is without merit. His insistence that the original document had no value is gainsaid by his holding it ransom for payment of another client's bill. The terms of the deed of trust itself, as well as the actions of the title company, indicate a reliance upon Powell conveying the original deed of trust to the title company. The existence of a substitute method for meeting this obligation did not negate the value of the original document.

In order to impose sanctions upon Defendant A, ISB must prove by clear and convincing evidence that Defendant A violated the rules of professional conduct. *Topp*, 129 Idaho at 415–16, 925 P.2d at 1114–15. Clear and convincing evidence requires "a degree of proof greater than a mere preponderance." *Jenkins I*, 120 Idaho at 383, 816 P.2d at 339.

The essential facts—that Powell was the beneficiary of the deed of trust, that Defendant A did not release the deed of trust directly to the title company, that Lott's bill for $270.00 was unrelated to the original transaction, that Powell requested the original deed of trust, that Defendant A conditioned the release of the original deed of trust upon payment of Lott's debt, and that Defendant A gave the deed of trust to Powell when she paid Lott's debt—were undisputed and supported by documentary evidence in the record. The Conduct Board's finding that Powell paid a $100 retainer to Defendant A, although not an essential fact in determining whether Defendant A violated I.R.P.C. 1.15(b), was supported not only by Powell's statement but also by Lott's recollection.

Clear and convincing evidence shows that Defendant A violated I.R.P.C. 1.15(b) by wrongfully withholding the deed of trust from Powell, its beneficiary. We affirm the decision of the Conduct Board.

**B. I.R.P.C. Rule 1.15(b) Is Not Unconstitutionally Vague.**

A provision of the Idaho Rules of Professional Conduct violates substantive due process when the rule "does not convey suffi-

ciently definite warnings as to the proscribed conduct, and its language is such that persons of common intelligence must necessarily guess at its meaning." *Idaho State Bar v. Jenkins (Jenkins II )*, 127 Idaho 408, 415, 901 P.2d 1309, 1316 (1995) (quoting *Krueger v. Board of Prof'l Discipline*, 122 Idaho 577, 580, 836 P.2d 523, 526 (1992)). In determining whether a provision is unconstitutionally vague, we consider both the wording of the rule itself and the explanations provided by comments to the rule. *Id.*

█ I.R.P.C. 1.15(b) requires an attorney to promptly notify a client or third party when the attorney has received property in which that person has an interest, to promptly deliver that property, and to promptly render an accounting regarding the property upon request. The Comment provides specific examples. It also states, "A lawyer should hold property of others with the care required of a professional fiduciary." The rule, together with its comments, provides "ample notice of the prohibited conduct such that persons can be warned of what conduct will constitute a violation." *Jenkins II*, 127 Idaho at 416, 901 P.2d at 1317.

## C. The Idaho State Bar's Disciplinary Procedures Did Not Violate Defendant A's Procedural Due Process Rights.

█ Because the restitution order implicated Defendant A's property interests, it must comport with the requirements of procedural due process. *Cf. Malmin v. Oths*, 126 Idaho 1024, 1029, 895 P.2d 1217, 1222 (1995). In disciplinary proceedings, an attorney has "the right to be fairly notified of the issues to be considered." *Jenkins II*, 127 Idaho at 414, 901 P.2d at 1315. The attorney "may not be held accountable for misconduct not specified in the charges." *Id.* at 415, 901 P.2d at 1316. Defendant A charged that ISB violated his right to procedural due process by failing to specify the applicable substantive law and by failing to provide him with a copy of the record before the Conduct Board.

ISB adequately informed Defendant A of the misconduct with which he was charged. When bar counsel initially contacted Defendant A in January 1996, Defendant A received a copy of Powell's grievance and the information that ISB considered his actions a possible violation of I.R.P.C. 1.15. In response to Defendant A's letters, bar counsel sent two letters explaining the charges. Moreover, the case against Defendant A was laid out in detail in bar counsel's private reprimand of October 1997. While ISB did not cite substantive property law in its communications, Defendant A, as a practicing real estate attorney, should have been familiar with basic property law.

ISB did not provide Defendant A with a copy of the entire documentary record before the Conduct Board hearing. However, it had previously advised him of his alleged violations and the specific conduct upon which the charges were based. *Jenkins II*, 127 Idaho at 415, 901 P.2d at 1316. ISB had provided Defendant A with a copy of Powell's grievance; the rest of the record consisted of supporting documentation such as copies of letters and documents. At the hearing, Defendant A had a full opportunity to offer testimony and evidence, file briefs, and make oral argument. These safeguards provided Defendant A with the necessary procedural due process. *Id.*

## IV.

## CONCLUSION

For the reasons stated above, we affirm the sanctions imposed upon Defendant A by the Professional Conduct Board of the Idaho State Bar. Costs are awarded to the Idaho State Bar pursuant to I.A.R. 40.

Chief Justice TROUT, Justices SILAK, SCHROEDER, and WALTERS, CONCUR.