67 P.3d 82

**In the Matter of Michael B. McFarland, Attorney at Law.**

**Kurt O'MEYER, Petitioner,**

v.

**IDAHO STATE BAR, Board of Commissioners, Respondents.**

**No. 28616.**

Supreme Court of Idaho, Boise, January 2003 Term.

April 3, 2003.

Amaro Law Office, Coeur d'Alene, for petitioner.

Michael J. Oths, Counsel to the Idaho State Bar, Boise, for respondents.

SCHROEDER, Justice.

Kurt O'Meyer (O'Meyer) seeks reversal of the decision of the Idaho State Bar which denied his claim for relief from the Client Security Fund.

# I.

## BACKGROUND

O'Meyer was in an auto accident in 1996. He retained attorney Michael B. McFarland in early 1998 to pursue damages related to the accident. McFarland was hired on a contingency basis, although O'Meyer would pay all costs associated with the litigation. McFarland filed a complaint in June of 1998 in Kootenai County and an amended complaint in September of 1998. He apparently proceeded with settlement negotiations, depositions and medical examinations. Over time O'Meyer claims that McFarland distanced himself, refusing to discuss O'Meyer's case with him and eventually refusing to see O'Meyer altogether, stating his file could not be found or that McFarland was dealing with some other emergency matters. McFarland assured O'Meyer that his case was proceeding along, claiming to have sent the tortfeasor's insurance company a settlement letter asking for $45,000 and that McFarland had enlisted the help of his alleged partner in the matter.

In November of 2000 O'Meyer's case was transferred to Elmore County. The defendant in that case moved to dismiss because service of the complaint had not been made within six months of the original filing. A hearing was held on the motion, and McFarland argued that it was a matter of excusable neglect, citing his pending divorce, sabotage of his records by a former employee to hide the employee's embezzlement, the absence of his legal intern, and the weight of his caseload as factors. The district court found none of these to be good cause for failing to serve the complaint, and the motion was granted without prejudice. The statute of limitations had run on the action.

O'Meyer claims that he did not know of the hearing on the motion to dismiss but only received a letter from McFarland stating the case had been dismissed and had expired due to time limitations. O'Meyer learned that McFarland had no "associate." There was another attorney who shared office space. McFarland accepted responsibility for the failures incurred by his office, but informed O'Meyer that he carried no malpractice insurance and was about to go bankrupt.

O'Meyer retained new counsel who informed him that he might have won the motion to dismiss if McFarland had been replaced by another attorney who could then argue to the court McFarland's negligence in failing to serve the summons and complaint instead of McFarland arguing to the court about his own failures.

O'Meyer sought relief from the Client's Security Fund established under Chapter VI of the Idaho Bar Commission Rules, citing McFarland's failures and deceptions as conduct warranting compensation. The Client Security Fund Committee rejected the claim, as did the Idaho State Board of Commissioners. Both opinions cited that the type of loss recognized and compensated by the fund is:

> The loss of money or property occasioned by the dishonest conduct of a lawyer occurring during the course of a lawyer-client or fiduciary relationship between the lawyer and claimant.

Idaho Bar Commission Rule 601(i). Dishonest conduct is defined in IBCR 601(e) as:

> wrongful acts committed by a lawyer in the nature of theft or embezzlement of money or the wrongful taking or conversion of money, property or other things of value, including but not limited to:
>
> (1) Refusal to refund unearned fees received in advance as required by Rule 1.16 of the Idaho Rules of Professional Conduct; or
>
> (2) The borrowing of money from a client without intention to repay it, or with disregard of the lawyer's inability or reasonably anticipated inability to repay it.

The Commissioners stated that while O'Meyer perhaps had suffered a loss, it was not from the sort of dishonest conduct covered by the Security Fund in that McFarland never took or held fees or other charges that he acquired through deception. The Commission also concluded that neither the Security Fund nor the Commission had jurisdiction over claims of legal malpractice or other torts, indicating that O'Meyer's action would be in civil recovery, not with the security fund.

O'Meyer appealed the Commission's findings and conclusions of law.

## II.

## STANDARD OF REVIEW

In reviewing the findings and recommendations of the Idaho State Bar, this Court independently reviews the record to determine if the evidence supports the findings, giving great weight to those findings. The burden is on the appellant to show that the findings are not supported by the evidence. *In re Jenkins,* 120 Idaho 379, 383, 816 P.2d 335, 339 (1991). In Client Security Fund actions this Court applies the preponderance of the evidence standard as directed under IBCR 613(e). *Williams v. Idaho State Bar,* 123 Idaho 367, 369, 848 P.2d 425, 427 (1993).

## III.

## MCFARLAND'S CONDUCT IS NOT COVERED BY THE SECURITY FUND

McFarland's acts of misconduct were false statements about the status of O'Meyer's case, misrepresentations as to what was being done, and failure to diligently prosecute the claim. By failing to act as a reasonable attorney he deprived O'Meyer of the value, if any, of the claim, but he did not misappropriate client funds entrusted to him.

The Court has stated that attorney negligence is not itself sufficient to recover under the Security Fund. In *Patterson v. Idaho State Bar,* 126 Idaho 266, 881 P.2d 1284 (1994), an attorney failed to inform his clients about a Chapter 7 trustee's challenge to their homestead exemption in their bankruptcy case. The clients discovered the challenge on their own when they received notice of a default judgment against their house. *Id.* at 266–67, 881 P.2d at 1284–85. They approached their attorney who disavowed any knowledge of the challenge, although he had been fully informed of the matter for some time. *Id.* The clients were able to reinstate their homestead exemption, and they then lodged a Security Fund claim for their expenses in settling the matter. *Id.* The Court

stated that the attorney's "dishonest conduct was an attempt to cover up his prior negligence, and this negligence, rather than his dishonesty caused the [client's] loss" and that:

> By our ruling, we do not intend to denigrate or trivialize the reprehensibility of [the attorney's] conduct. Nevertheless, recovery from the fund was not intended to be a substitute for a malpractice action. Reimbursement from the fund is limited to loss caused by a lawyer's dishonest conduct.

*Id.* at 268, 881 P.2d at 1286. Also in *Beeson v. Idaho State Bar,* 128 Idaho 45, 910 P.2d 159 (1995), the Court considered a Security Fund claim in which the attorney failed to file responsive pleadings on a motion by the defendants for dismissal of the case. The case was dismissed and default judgments were entered against the client on certain counterclaims that were brought by the defendants that were also ignored by the attorney. *Id.* at 46–47, 910 P.2d at 160–61. The client brought a Security Fund claim that was dismissed, and this Court upheld the dismissal, stating that while the attorney's "negligence proximately caused the loss of his suit, which was a 'thing of value' to [the client], this negligence is not sufficiently analogous to conversion or theft as described in I.B.C.R. 601(e)." *Id.* at 49, 910 P.2d at 163. The Court concluded that deception in conjunction with negligence does not fit under the definition of dishonest conduct. Such deceptive conduct is malpractice and not the dishonesty compensible by the Security Fund. *Id.*

## IV.

## CONCLUSION

The decision of the Idaho State Bar is affirmed. The claim for recovery from the Client Security Fund is denied. The Idaho State Bar is awarded costs.

Chief Justice TROUT, Justices WALTERS, KIDWELL and EISMANN concur.