On accused's petition for reconsideration filed October 17, 1989,* petition for reconsideration denied January 11, 1990

In re Complaint as to the Conduct of

# FOSTER A. GLASS,
*Accused.*

(OSB 86-49; SC S35775)

784 P2d 1094

---

* 308 Or 297, 779 P2d 612 (1989).

David Gernant, Portland, filed the petition for reconsideration for the accused.

Susan K. Roedl, Lake Oswego, filed a response to the petition for reconsideration.

David B. Hydes, Canyon City; Kathleen E. Bergland, Baker; John J. Jacobson, Baker; Daniel L. Cronin, John Day; and Edward M. Holpuch, John Day, filed a brief as *amici curiae.*

Edward M. Holpuch, Jr., John Day, filed a brief on behalf of *amicus curiae* Grant County.

PER CURIAM

220

## PER CURIAM

In *In re Glass,* 308 Or 297, 779 P2d 612 (1989), this court found the accused in violation of DR 1-102(A)(3) (engaged in conduct involving misrepresentation)[1], DR 1-103(C) (failure to cooperate with a Bar investigation)[2] and DR 7-102(A)(1) (taking actions merely to harass or maliciously injure another). The accused was suspended from the practice of law for 91 days and was required to take and pass the Professional Responsibility Ethics Examination within one year.

■ The accused filed a petition for reconsideration, pointing out that DR 7-102(A)(1) applies only where the lawyer engages in one of the prohibited activities during the "representation of a client." He claims that when a lawyer is acting on his or her own behalf and in furtherance of his or her personal interests, the lawyer is not acting in a representational capacity, and therefore has not violated DR 7-102(A)(1). The accused also claims that even if DR 7-102(A)(1) applies to this type of situation, the accused's action did not "serve *merely* to harass or maliciously injure another." (Emphasis added.) For the reasons set forth below, the petition for reconsideration is denied.

DR 7-102(A)(1) provides in part:

"In the lawyer's representation of a client, a lawyer shall not:

"(1) File a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of the lawyer's client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another."

In determining that the accused violated DR 7-102(A)(1), this

---

[1] DR 1-102(A)(4), (current DR 1-102(A)(3)), states that

"[i]t is professional misconduct for a lawyer to * * * [e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[2] DR 1-103(C) provides:

"A lawyer who is the subject of a disciplinary investigation shall respond fully and truthfully to inquiries from and comply with reasonable requests of a tribunal or other authority empowered to investigate or act upon the conduct of lawyers, subject only to the exercise of any applicable right or privilege."

court relied on two cases interpreting the 'during the representation of a client' language of DR 7-102. *In re Hopp,* 291 Or 697, 634 P2d 238 (1981) and *In re Huffman,* 289 Or 515, 614 P2d 586 (1980). In *Hopp* the accused represented a client whose automobile had been towed by the defendant, doing business as B & B Auto Wrecking Co. During the representation, and motivated only by extreme dislike of the defendant's lawyer, the accused directed his secretary to register under her own name the assumed business name of B & B Auto Wrecking Co. After the litigation proceedings between the accused's client and the defendant had concluded, the accused demanded that the defendant discontinue operations under the name of B & B Auto Wrecking Co., citing his secretary's registration of the assumed name. Holding that the accused had violated DR 7-102(A)(1), this court stated that "[t]he reference in the rule to 'representation of a client' is not intended to grant a license to lawyers to abuse procedures for their own personal advantage. Rather, it is to specify that such conduct by a lawyer will not be excused simply because the lawyer's improper conduct was ostensibly in the service of a client." 291 Or at 700-01.

In *Huffman, supra,* we noted that the accused, who failed to timely release property of his client securing payment of his fee, would have been found guilty of violating DR 7-102(A) had the Bar made such a charge, and concluded that the accused's "conduct adversely reflect[ed] on his fitness to practice law, [*former*] DR 1-102(A)(6)." 289 Or at 522.

In both *Hopp* and *Huffman* the lawyers were found to have acted out of personal interests rather than with the intent to benefit the clients that they had represented. This illustrates one type of activity that is addressed by DR 7-102(A).

The accused contends that he was not engaged in the type of activity prohibited by DR 7-102(A). He argues that at the time of the alleged violations he was not "represent[ing] a client." He also argues that because he was represented by counsel, he was the client, not the lawyer. The accused cites *In re Mettler,* 305 Or 12, 748 P2d 1010 (1988) (interpreting the 'during the representation of a client' clause in DR 7-104) and *In re Brown,* 298 Or 285, 692 P2d 107 (1984) (interpreting similar language in DR 7-102(A)), to support his argument.

The decisive issue in *Mettler* was the presence of a client, or lack thereof. While employed by the Department of Commerce as a securities examiner, the accused was alleged to have improperly communicated with one who was represented by counsel. The accused was charged with a violation of DR 7-104(A),[3] not DR 7-102(A). We found no violation of DR 7-104(A) because no lawyer-client relationship existed between the accused and the state. The opinion notes that with the addition of a 1986 amendment (adding the phrase "This prohibition includes a lawyer representing the lawyer's own interests") a lawyer may violate DR 7-104 "when the lawyer represents a client's interest *or* the lawyer's own interest." (Emphasis added.) *In re Mettler, supra,* 305 Or at 17. In a footnote, *Mettler* also cites *Huffman, supra,* and *Hopp, supra,* drawing an analogy between their holdings and the amendment to DR 7-104. 305 Or at 17 n 7.

We turn to *Brown, supra.* The accused in *Brown,* while preparing his response to a Bar investigation of his activities, prepared and submitted a perjured affidavit from a former client and thereafter was charged with violating DR 7-102(A)(4) and (6) (in the representation of a client, a lawyer shall not make a false statement or create or preserve false evidence). This court held that

> "[t]he phrase 'representation of a client' is a condition precedent to the operative subdivisions of [DR 7-102(A)(4) and (6)]. In other words, the lawyer cannot violate the rule unless he is representing a client. Brown obtained the affidavit from [his client] on a different issue. He was outside the scope of the attorney-client relationship when he dictated and asked [the client] to sign the [false] affidavit." 298 Or at 294.

The analysis centered on the accused's relationship with his former client. We found that the lawyer-client relationship had ended before the alleged violations occurred. Thus, at the time of the alleged violations, the accused was neither acting

---

[3] DR 7-104, before an amendment making the rule gender neutral, began:

"(A) During the course of his representation of a client, a lawyer shall not:
"* * * * *"

This language parallels the predicate language of DR 7-102 which begins:

"(A) In the lawyer's representation of a client, a lawyer shall not:
"* * * * *"

during the "representation of a client" nor representing himself in a context contemplated by DR 7-102(A).

The accused's petition for reconsideration has engendered reconsideration of the DR 7-102(A)(1) words "in the lawyer's representation of a client" as interpreted in *Huffman, Hopp, Mettler* and *Brown*. DR 7-102(A)(1) mainly governs lawyers involved in litigation. Normally, lawyers represent clients in litigation. The words "in the lawyer's representation of a client" refer to that situation. But the reason for the rule equally is applicable when a lawyer is representing herself or himself. If a lawyer is appearing in a contested proceeding *pro se,* he or she is his or her own client, and DR 7-102(A)(1) applies. We adhere to the holdings of *Mettler, Huffman* and *Hopp. Brown* arguably is distinguishable. To the extent that it is not, we now doubt whether it was correctly decided.

■ The accused contends that he was not representing himself, that he was represented by a lawyer, and that the rule therefore does not apply. True, if a lawyer is a party in a case, and if his or her lawyer violates the Disciplinary Rules, the lawyer-client is not liable under a theory of respondeat superior. But if a lawyer involved in litigation himself or herself commits the act that violates the rules, he or she may be held liable. Here the accused was an active participant in the decision to make the filing; he personally made the filing. We adhere to our earlier decision that DR 7-102(A)(1) applies and that the accused violated it.

■ One final issue requires discussion. The accused points out that DR 7-102(A)(1) applies only when the prohibited conduct is taken "*merely* to harass or maliciously injure another." He asserts that "while the action taken in fact resulted in a kind of legal 'harassment' and may have been taken with a malicious motive, it served also the legitimate purpose * * * of concluding a lawsuit in the accused's favor." True, the accused intended that his actions give him a tactical advantage in the litigation. However, the method chosen by the accused to achieve this advantage - misrepresentation - was itself a violation of the Disciplinary Rules.[4] Were there

---

[4] In our earlier opinion we found that the accused's filing with the Corporation Commissioner to register the assumed business name, when he never intended to engage in the construction business, was a misrepresentation in violation of DR 1-102(A)(3).

some legitimate action by the accused, intended to serve some legitimate purpose, we might agree. *See In re Hockett*, 303 Or 150, 160, 734 P2d 877 (1987). We adhere to our finding that the accused violated DR 7-102(A)(1).[5]

Grant County also filed a brief in connection with the accused's petition for reconsideration. We are not unsympathetic to Grant County's assertions, which relate to hardships due to the suspension of the county district attorney. However, its assertions largely are irrelevant to the disposition of this case. We cannot have one standard for lawyers who happen to be public officials and another for other lawyers. Accordingly, we adhere to our earlier decision.

Reconsideration denied.

---

[5] We have considered several other arguments made by the accused with regard to the level of intent attributed to certain actions, and to the propriety of the sanctions imposed. Upon careful review we conclude that the accused acted intentionally when he submitted the misleading registration document with the Corporation Commissioner.

The accused points out that the correct sanctioning standard to be applied is found in Rule 6.12 of the ABA Standards for Imposing Lawyer Sanctions rather than Rule 7.2. However, both Rule 6.12 and Rule 7.2 call for suspension. The sanction previously imposed therefore is left unaltered.