895 P.2d 1217

**In the Matter of the Objection to Imposed Informal Discipline of Constance MALMIN.**

**Constance MALMIN, Petitioner,**

v.

**Michael OTHS, Bar Counsel, Idaho State Bar; Kathryn A. Sticklen, John J. King, Linnae Costello, Hearing Review Committee; R. RONALD KERL, Chairman, Professional Conduct Board; John J. McMahon, Dean Wullenwaber, Jean R. Uranga, Board of Commissioners, Respondents.**

No. 21595.

Supreme Court of Idaho.
Boise, February 1995 Term.

May 24, 1995.

Constance Malmin, petitioner, pro se.

Michael J. Oths, Boise, for respondents.

JOHNSON, Justice.

This is a lawyer discipline case.

## I.

## THE BACKGROUND AND PRIOR PROCEEDINGS.

Constance Malmin (the lawyer) is an Idaho lawyer who contests a private reprimand against her by counsel (bar counsel) for the board of commissioners (the board of commissioners) of the Idaho state bar (the bar). In 1989, the lawyer represented a woman (the mother) in a motion for modification of a divorce decree in which the mother sought to increase child support payments from her ex-husband (the father) by $250.00 per month. The father resided in Arizona and was represented by an Arizona lawyer (the Arizona lawyer). A hearing on the mother's motion for modification of the divorce decree was set for September 20, 1989. Meanwhile, the lawyer and the Arizona lawyer reached an oral agreement to settle the matter for a $200.00 per month increase in child support payments by the father. The lawyer faxed a stipulation to the Arizona lawyer for the father to sign, and requested that the Arizona lawyer return the stipulation before the September 20 hearing. The Arizona lawyer had trouble contacting the father, however, and did not return the stipulation until September 26. The lawyer contends that she warned the Arizona lawyer that if she did not receive the stipulation by September 20, she "would take appropriate legal action." The Arizona lawyer, on the other hand, claims to have understood September 20 to be a goal for the lawyer to receive the stipulation, rather than a strict deadline.

When the lawyer appeared before the magistrate judge at the September 20 hearing, there was no appearance by the father or the Arizona lawyer. At the hearing, the lawyer moved for entry of a default judgment against the father for the full $250.00 per month. The lawyer did not mention to the magistrate judge that she had engaged in settlement negotiations with the Arizona lawyer and had agreed to a stipulation for an increase of $200.00 per month.

When the Arizona lawyer learned of the default judgment entered against the father, the Arizona lawyer contacted the magistrate judge, who informed the Arizona lawyer of the lawyer's actions. On behalf of the father, the Arizona lawyer submitted to bar counsel a professional conduct complaint against the lawyer.

After investigating the complaint, bar counsel placed a private letter of reprimand in the lawyer's file pursuant to Idaho Bar Commission Rule (I.B.C.R.) 506(f), based on bar counsel's determination that the lawyer had violated Idaho Rule of Professional Conduct (I.R.P.C.) 3.3(d) by failing to inform the magistrate judge of the settlement negotiations and tentative agreement between the lawyer and the Arizona lawyer.

The lawyer sought review of bar counsel's action, and the professional conduct board of the bar (PCB) appointed a hearing committee (the hearing committee). The hearing committee affirmed bar counsel's imposition of a private reprimand. The lawyer then sought review of the hearing committee's decision before PCB and the board of commissioners. After both of these bodies refused to review the hearing committee's decision, stating that they lacked jurisdiction, the lawyer brought suit in U.S. district court against the board of commissioners, bar counsel, the members of the hearing committee, the father, and the Arizona lawyer. In this suit, the lawyer alleged that these defendants violated the Sherman Act, the lawyer's rights under the U.S. Constitution, the Idaho Constitution and statutes, and engaged in a conspiracy to ruin her reputation and drive

her out of the legal profession. The U.S. district court granted summary judgment against the lawyer on the federal law questions, but abstained from deciding the state law questions. The U.S. Ninth Circuit Court of Appeals affirmed the summary judgment of the U.S. district court.

In 1992, the lawyer applied to this Court for a writ of mandate, which this Court denied. On April 13, 1994, this Court approved an amendment to I.B.C.R. 509(c). This amendment allows the grievant or defendant to appeal to this Court from a hearing committee's review of the following decision by bar counsel: (1) disregarding the matter as unfounded and discontinuing the investigation; (2) issuing an informal admonition; (3) issuing a private reprimand; (4) imposing probation; and (5) imposing restitution. Based on this amendment, the lawyer petitioned the Court for review of the informal reprimand, arguing: (1) the hearing committee's decision upholding the bar counsel's issuance of a letter of private reprimand should be reversed; (2) the rules of the bar commission violate the separation of powers principles of the Idaho Constitution by delegating to bar counsel the Court's power to impose discipline; and (3) the bar commission's rules allowing bar counsel, rather than the Court, to impose discipline, conflict with the Idaho Code.

## II.

## THE HEARING COMMITTEE'S DECISION TO UPHOLD BAR COUNSEL'S IMPOSITION OF AN INFORMAL REPRIMAND IS NOT ARBITRARY AND CAPRICIOUS OR CLEARLY ERRONEOUS.

The lawyer asserts that the hearing committee's decision to uphold bar counsel's letter of private reprimand is clearly erroneous or arbitrary and capricious. We disagree.

■ We first note that although the amendment to I.B.C.R. 509(c) permitting a request for the review of a letter of repri-

mand became effective on July 1, 1994, the new version of the rule is available as a means to request review of bar counsel's letter of private reprimand dated January 5, 1990. *See City of Garden City v. City of Boise,* 104 Idaho 512, 515, 660 P.2d 1355, 1358 (1983) (retrospective application held proper for "[r]emedial or procedural statutes which do not create, enlarge, diminish or destroy contractual or vested rights"); *see also Myers v. Vermaas,* 114 Idaho 85, 87, 753 P.2d 296, 298 (1988).

In issuing the letter of private reprimand, bar counsel found that the lawyer violated a rule of professional conduct which provides: "In an *ex parte* proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse." I.R.P.C. 3.3(d) (1990).

■ In reviewing the hearing committee's decision affirming bar counsel's issuance of the private reprimand, we look to see if the hearing committee's decision was clearly erroneous or arbitrary and capricious. I.B.C.R. 509(c)(9) (1994). In *Matter of Jenkins,* 120 Idaho 379, 816 P.2d 335 (1991), the Court held that review of formal proceedings requires the Court's "independent review of the record and assessment of the evidence." *Id.* at 384, 816 P.2d at 340. In doing so, however, we give the findings of fact "great weight." *Id.* at 383, 816 P.2d at 339. The lawyer bears the burden on review "to show that the findings of fact are not supported by the evidence." *Id.*

■ There is substantial and competent evidence to support the findings of fact that are the basis of bar counsel's imposition of the private reprimand and the hearing committee's decision. Indeed, there is no dispute about the facts. What the lawyer contests is the application of I.C.P.R. 3.3(d) to the lawyer's conduct.

The hearing committee interpreted I.R.P.C. 3.3(d) to require the lawyer to inform the magistrate judge of the settlement

negotiations and tentative agreement reached by the parties before moving for a default judgment. The lawyer contends that I.R.P.C. 3.3(d) is inapplicable on its face because it only applies to *ex parte* proceedings. The lawyer contends that the proceeding before the magistrate judge is outside the definition of an *ex parte* proceeding because it was an adversarial proceeding in which one of the parties failed to appear after being duly noticed. In *School Dist. No. 351 Oneida County v. Oneida Ed. Ass'n*, 98 Idaho 486, 491, 567 P.2d 830, 835 (1977), however, the Court dissolved an injunction and deemed "effectively an ex parte proceeding" a hearing at which both parties appeared, because the trial court refused to hear the testimony of the adversely affected party.

The official comment to I.R.P.C. 3.3(d) also gives us insight into the meaning of "*ex parte*," when it states that the duty to disclose material facts to the tribunal is not necessary in an adversarial proceeding because

> the conflicting position is expected to be presented by the opposing party. However, in an ex parte proceeding ... there is no balance of presentation by opposing advocates. The object of an ex parte proceeding is nevertheless to yield a substantially just result. The judge has an affirmative responsibility to accord the absent party just consideration. The lawyer for the represented party has the correlative duty to make disclosures of material facts known to the lawyer and that the lawyer reasonably believes are necessary to an informed decision.

Comment, I.R.P.C. 3.3(d) (1990). This comment suggests that the application of the rule is not meant to hinge on a technical definition of the term *ex parte*, but is instead intended to ensure that the tribunal is informed of facts necessary to render a just decision and "accord the absent party just consideration" in any proceeding where "there is no balance of representation by opposing advocates" due to one of the parties being unrepresented. *Id.*

Having made our own independent assessment of the record, we conclude that the lawyer's silence misled the magistrate judge and deprived the magistrate judge of facts necessary to make an informed and fair decision. This violated the lawyer's duty under I.R.P.C. 3.3(d) of "candor toward the tribunal."

## III.

## THE BAR COMMISSION RULES DO NOT VIOLATE THE IDAHO CONSTITUTION BY IMPERMISSIBLY DELEGATING TO BAR COUNSEL THE COURT'S POWER TO IMPOSE ATTORNEY DISCIPLINE.

■ The lawyer asserts that the bar commission rules violate the Idaho Constitution by impermissibly delegating to bar counsel the Court's power to impose attorney discipline. We disagree.

The lawyer relies on *In re Edwards*, 45 Idaho 676, 266 P. 665 (1928) to support her position. In *Edwards*, the Court held that it was unconstitutional for the legislature to empower the board of commissioners to impose discipline on attorneys because imposing discipline is a "judicial power." *Id.* at 688, 266 P. at 669. This limitation on the power of the legislature, however, does not restrict the Court's authority to delegate to bar counsel the power to impose a private reprimand.

In *Idaho State Bar Ass'n v. Idaho Pub. Util. Comm.*, 102 Idaho 672, 637 P.2d 1168 (1981), the Court summarized the status of the board of commissioners and its staff, including bar counsel, in supervising the practice of law in Idaho:

> The board and operating staff of the Bar have the obligation to supervise, under the Supreme Court's ultimate control, the admission, licensing and disciplining of attorneys and the practice of law in this state. It was recognized some time ago that the Bar and its board of commissioners act in an administrative capacity as an arm of the Supreme Court in carrying out its supervisory function.... The Bar, therefore,

acts as a means by which this court controls the practice of law in Idaho. . . .

*Id.* at 674, 637 P.2d at 1170 (citations omitted).

The Court has ruled that the bar commissioners "are part of the judicial rather than the executive branch." *Dexter v. Idaho State Bar Bd. of Com'rs*, 116 Idaho 790, 792, 780 P.2d 112, 114 (1989). The designation of the board of commissioners as part of the department of self-governing agencies for governmental organization purposes does not affect this characterization. *See* I.C. § 67–2601(2)(b). Calling a part of the judicial branch part of the executive branch does not make it so.

Bar counsel is counsel for the board of commissioners. I.B.C.R. 200(c). Any delegation by the Court to bar counsel concerning disciplinary matters is, therefore, not a delegation to the executive branch. The Court has delegated to bar counsel the authority to impose on a lawyer informal admonition, private reprimand, probation, and restitution. I.B.C.R. 509(a)(1)–(5). If bar counsel imposes one of these forms of discipline, the lawyer receiving the discipline may request review by a hearing committee, and if not satisfied with the result of this review, may request review by the Court. This ensures that the Court has ultimate control of these forms of discipline.

## IV.

### THE PROFESSIONAL CONDUCT BOARD DID NOT ACT UNLAWFULLY IN REFUSING TO REVIEW THE HEARING COMMITTEE'S DECISION.

■ The lawyer asserts that PCB acted unlawfully by refusing to review the hearing committee's decision. We disagree.

PCB refused the lawyer's request to review the hearing committee's decision based on I.B.C.R. 509(c)(8) (1990), which at that time stated that the hearing committee's review of bar counsel's disposition of a private reprimand was final. The lawyer cites the 1990 version of I.B.C.R. 502(h), which lists among PCB's duties the duty to review "on the record, the findings and recommendations of hearing/review committees." I.B.C.R. 502(h)(4) (1990).

I.B.C.R. 502(h)(4) did not require PCB to review all of the determinations by hearing committees. Instead, it only required PCB to review the "findings and recommendations" of hearing committees. Under the 1990 bar commission rules, "findings and recommendations" were produced by hearing committees pursuant to I.B.C.R. 511(k), in the case of formal proceedings. Under I.B.C.R 509(c)(8) (1990), which provided for review of imposition of a letter of private reprimand, the hearing committee engaged only in "review" which was deemed "final." Because there were no "findings and recommendations" by a hearing committee reviewing bar counsel's disposition pursuant to I.B.C.R. 509(c)(8) (1990), I.B.C.R. 502(h) was not applicable.

## V.

### IF THERE IS ANY CONFLICT BETWEEN THE BAR COMMISSION RULES AND THE IDAHO CODE CONCERNING THE DISCIPLINING OF LAWYERS, THE BAR COMMISSION RULES CONTROL.

■ The lawyer asserts that the bar commission rules conflict with provisions of the Idaho Code concerning the proper procedure for imposing attorney discipline, and that the Idaho Code controls. We disagree that the Idaho Code controls, if there is a conflict.

The lawyer contends that the bar commission acted unlawfully by refusing to review the hearing committee's decision because provisions of the Idaho Code mandated this review. I.C. §§ 3–408 and 3–412 (1990). Bar commission rules do not allow the bar commission to review a hearing committee's decision. I.B.C.R. 509(c)(8) and (9).

Since territorial days, the regulation of the practice of law in Idaho has been the prov-

ince of the judiciary. This authority "was carried over as an implied power" from the Territorial Supreme Court "into the State Supreme Court and has by it been exercised as a judicial function since Statehood." *Application of Kaufman,* 69 Idaho 297, 308, 206 P.2d 528, 539 (1949). In *Kaufman,* the Court invoked its inherent authority to regulate the practice of law to reject the legislature's attempt to admit to the practice of law, without examination, graduates of the University of Idaho Law School. *Id.* at 315, 206 P.2d at 539. The Court also noted that in 1895 it had invoked its inherent authority to admit the first woman to the Idaho bar, Helen S. Young. *Id.* at 304–05, 206 P.2d at 535–36. Young's admission was in direct opposition to legislative enactments then limiting the practice of law to adult white males. *Id.* at 304, 206 P.2d at 535.

In *Edwards,* the Court noted that it "has the inherent power to adopt rules and regulations prescribing the fitness and qualifications of persons seeking to practice before the courts of this state, and to ultimately determine whether, under the statutes or rules promulgated by it, persons possess the necessary qualifications, or are persons of good moral character." 45 Idaho 676, 690, 266 P. 665, 670 (1928). This inherent authority is equally applicable to the regulation of attorneys after they are admitted to the Bar. *In re Bowen,* 95 Idaho 334, 335, 508 P.2d 1240, 1241 (1973) (*citing In re Edwards,* 45 Idaho 676, 266 P. 665 (1928)); *see also Matter of Jenkins,* 120 Idaho 379, 383, 816 P.2d 335, 339 (1991).

Based on these cases, this Court possesses the inherent authority to regulate the practice of law in Idaho. Included in this inherent authority is the power to discipline attorneys who violate the rules of conduct the Court has promulgated. This authority to discipline attorneys also includes the power to define the procedures that will make up the discipline process and by which the Court will maintain oversight. To the extent that the bar commission rules concerning the discipline of lawyers conflict with the Idaho Code, the bar commission rules control.

## VI.

## THE PROCEDURES FOR THE IMPOSITION OF A PRIVATE REPRIMAND DO NOT IMPLICATE THE LAWYER'S PROPERTY OR LIBERTY INTEREST IN PRACTICING LAW, AND THEREFORE DO NOT VIOLATE THE RIGHT TO DUE PROCESS GUARANTEED BY THE IDAHO CONSTITUTION.

■ The lawyer asserts that the procedures contained in the bar commission rules for the imposition of a private reprimand violate her right to due process under the Idaho Constitution. We disagree.

Article 1, § 13 of the Idaho Constitution protects against the deprivation of "life, liberty, or property without due process of law." The letter of reprimand does not deprive the lawyer of any property interest. Nor does it deprive the lawyer of a liberty interest in her professional reputation. Only by the lawyer's own request for review of the hearing committee's decision has this matter become public.

## VII.

## FEDERAL CLAIMS BARRED BY CLAIM PRECLUSION.

■ The lawyer asserts that imposition of the private reprimand violated various federal constitutional and statutory provisions. We do not address these issues because they are barred by claim preclusion.

In her action before the U.S. district court, the lawyer brought claims against the parties in the present case for violation of her equal protection and due process rights, and for violation of the Sherman Act. The U.S. district court ruled that the lawyer had been deprived of no rights under the U.S. Constitution or the Sherman Act. The Ninth Circuit affirmed this decision. Therefore, these federal law claims are barred by claim preclusion. *See Magic Valley Radiology, P.A. v. Kolouch,* 123 Idaho 434, 436–37, 849 P.2d

107, 109–10 (1993); *Diamond v. Farmers Group, Inc.,* 119 Idaho 146, 148, 804 P.2d 319, 321 (1990).

## VIII.

## CONCLUSION.

We deny the lawyer's petition for review.

We award costs on appeal to respondents.

McDEVITT, C.J., TROUT and SILAK, JJ., and LEGGETT, J. Pro Tem., concur.