925 P.2d 1118

**In the Matter of the Petition for the Supreme Court Review– Request for Hearing.**

**James M. RUNSVOLD, Petitioner,**

v.

**IDAHO STATE BAR, Respondent.**

**No. 22543.**

Supreme Court of Idaho,
Boise, September 1996 Term.

Oct. 24, 1996.

James M. Runsvold, Caldwell, pro se.

Michael J. Oths, Bar Counsel, Idaho State Bar, Boise, for respondent.

SILAK, Justice.

This is an attorney discipline case. Attorney James M. Runsvold (Runsvold) appeals from a private reprimand imposed on him by the Idaho State Bar (ISB) for violating Rule 4.2 of the Idaho Rules of Professional Conduct (I.R.P.C.) which prohibits direct contact with a person represented by counsel. We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Runsvold is an attorney licensed in Idaho. He was divorced from his wife in 1990 and

was awarded joint custody of their four children. Since then the parties have returned to court periodically on various visitation, custody, and support issues, during which Runsvold has represented himself and his ex-wife has been represented by counsel.

In March 1994, counsel for Runsvold's ex-wife wrote to Runsvold protesting his practice of sending copies of pleadings directly to his ex-wife and otherwise communicating directly with her. Counsel wrote to Runsvold again in April protesting correspondence sent directly to his ex-wife. Certain of the correspondence Runsvold sent to his ex-wife concerned Runsvold's interest in helping their son with his school work, while other correspondence pertained to the ongoing court proceedings and calling their son as a witness. In May 1994, Runsvold wrote to his ex-wife's attorney agreeing to abstain from sending papers to his ex-wife, although he stated that he reserved the right to do so in the future. However, in August 1994, Runsvold resumed this practice and sent a copy of correspondence regarding an asserted contempt proceeding addressed to his ex-wife's attorney directly to his ex-wife. Thereafter, counsel for Runsvold's ex-wife registered an informal complaint with the ISB.

In May 1995, the ISB issued a written decision finding that Runsvold had violated I.R.P.C. 4.2 and imposed a private reprimand. The decision also stated that either party could seek review of the decision by a Hearing/Review Committee of the Professional Conduct Board (PCB). In June 1995, Runsvold requested that the PCB review the ISB's decision. Thereafter, the PCB concurred with the decision of the ISB. Runsvold then filed a petition for review by the Supreme Court.

## II.

## STANDARD OF REVIEW

As this Court stated in *Matter of Malmin,* 126 Idaho 1024, 895 P.2d 1217 (1995):

In reviewing the hearing committee's decision affirming bar counsel's issuance of the private reprimand, we look to see if the hearing committee's decision was clearly erroneous or arbitrary and capricious. I.B.C.R. 509(c)(9) (1994). In *Matter of Jenkins,* 120 Idaho 379, 816 P.2d 335 (1991), the Court held that review of formal proceedings requires the Court's "independent review of the record and assessment of the evidence." *Id.* at 384, 816 P.2d at 340. In doing so, however, we give the findings of fact "great weight." *Id.* at 383, 816 P.2d at 339. The lawyer bears the burden on review "to show that the findings of fact are not supported by the evidence." *Id.*

*Id.* at 1026, 895 P.2d at 1219.

## III.

THE PCB'S CONCLUSION THAT RUNS-VOLD VIOLATED I.R.P.C. 4.2 IS SUPPORTED BY SUBSTANTIAL AND COMPETENT EVIDENCE.

A. I.R.P.C. 4.2 Applies To Attorneys Acting *Pro Se.*

■ Rule 4.2 of the Idaho Rules of Professional Conduct, entitled "Communication with Person Represented by Counsel," provides:

In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

Bar Counsel's decision, affirmed by the PCB, found that "(1) a *pro se* attorney litigant represents himself/herself when contacting an opposing party, and (2) the 'no communication' prohibitions of I.R.P.C. 4.2 apply to the attorney litigant who is *pro se.*" These findings were based upon decisions in other jurisdictions interpreting those states' versions of Rule 4.2.[1]

1. In *In re Segall,* 117 Ill.2d 1, 109 Ill.Dec. 149, 151, 509 N.E.2d 988, 990 (1987), the Illinois Supreme Court held that "an attorney who is himself a party to the litigation represents himself when he contacts an opposing party." In

*Sandstrom v. Sandstrom,* 880 P.2d 103, 109 (Wyo.1994), the Wyoming Supreme Court relied on *Segall* in reaching the same conclusion. Oregon likewise has held that when an attorney appears *pro se* in a proceeding, he or she is his or

Runsvold argues that Rule 4.2 does not explicitly prohibit a *pro se* attorney from communicating directly with a represented opposing party. He claims that since an attorney proceeding *pro se* is "not representing a client," Rule 4.2 does not give fair warning of the proscribed conduct here, *i.e.*, Runsvold's communications with his ex-wife, and is therefore void for vagueness, citing *Pinsky v. Statewide Grievance Committee*, 216 Conn. 228, 578 A.2d 1075 (1990) (communication between *pro se* attorney and bank employee was between litigants and therefore permissible).

In the present case, we hold that a *pro se* lawyer/litigant does represent a client when representing himself or herself in a matter; thus, I.R.P.C. 4.2 applies to prevent the *pro se* attorney from directly contacting a represented opposing party. The purpose of the identical ABA Model Rule 4.2 has been explained as follows:

> Rule 4.2 prevents a lawyer from nullifying the protection a *represented* person has achieved by retaining counsel. According to Rule 4.2, therefore, Lawyer A may not speak to Lawyer B's client about "the subject of the representation," except under circumstances controlled by Lawyer B.

G. Hazard & W. Hodes, *The Law of Lawyering*, § 4.2:101 (2d ed.1993). If Runsvold's position that he must be treated only as a party and that his status as an attorney should be ignored is accepted, the intent of I.R.P.C. 4.2 would be frustrated. His ex-wife would lose "the protection a *represented* person has achieved by obtaining counsel," and her attorney would lose the ability to control access to his client, a fundamental element of the attorney-client relationship.[2] We thus construe the phrase of Rule 4.2, "in repre-

senting a client" to include the situation in which an attorney is acting *pro se* because this interpretation better effectuates the purpose of Rule 4.2.

### B. There Is Substantial Competent Evidence that Rule 4.2 Was Violated.

■ Runsvold clearly violated Rule 4.2 with at least some of his communications with his ex-wife. While Rule 4.2 does not prohibit all communication with represented parties, it does prohibit communications about the subject of the representation. Several of Runsvold's communications with his ex-wife were unquestionably about the subject of the representation. He sent copies of pleadings from the litigation directly to her, and wrote her on his professional letterhead concerning her discovery responses. Runsvold even threatened to call their son as a witness due to his dislike of his ex-wife's discovery responses. Even after several requests by the ex-wife's counsel to cease these communications, Runsvold continued to correspond with his ex-wife. This is just the type of direct communication Rule 4.2 seeks to prevent.

### C. Actual Harm Need Not Be Proved to Establish A Rule Violation.

■ Runsvold argues that since no harm came to his ex-wife due to his direct communications with her, he should not have been reprimanded. We disagree. The ISB is not required to show actual harm in order to prove that a rule of professional conduct has been violated. These rules are designed to prevent harm, not just to sanction attorneys after the harm has been done. Thus, a lawyer can be disciplined whether or not the conduct caused actual harm to another. *See, e.g., Murray v. State Bar of Calif.*, 40 Cal.3d

her own client. *In re Glass*, 309 Or. 218, 784 P.2d 1094, 1097 (1990). In fact, Oregon amended its version of Rule 4.2 by adding: "[the prohibition] includes a lawyer representing his own interest." *See In re Smith*, 318 Or. 47, 861 P.2d 1013 (1993).

2. Runsvold relies on dicta from *Swanson & Setzke, Chtd. v. Henning*, 116 Idaho 199, 201–02, 774 P.2d 909, 911–12 (Ct.App.1989), for the proposition that Idaho law treats *pro se* attorneys the same as any other *pro se* litigant. *Swanson* is distinguishable from the present case. In *Swan-*

*son*, the issue was whether a *pro se* attorney should be allowed to collect attorney fees even though this Court had held that *pro se* parties, in general, could not. *O'Neil v. Schuckardt*, 112 Idaho 472, 733 P.2d 693 (1986). In the present case, the issue does not concern attorney fees, a distinct area of law regulated by statutes and rules, but whether a licensed attorney must abide by the rules of professional conduct with respect to communication with a party represented by counsel, even though the attorney is a party to the proceeding.

575, 220 Cal.Rptr. 677, 709 P.2d 480 (1985); *Matter of Swartz,* 129 Ariz. 288, 630 P.2d 1020 (1981).

### D. A Private Reprimand Is The Appropriate Sanction In This Case.

Runsvold questions whether any sanction he received should have been a private reprimand. His ex-wife's counsel asked Runsvold to cease direct communication with his ex-wife. Runsvold then said he agreed to stop communicating with his ex-wife, but "reserved the right" to do so in the future. It was not until after he resumed communicating directly with his ex-wife that her counsel filed the informal complaint with the ISB. Bar Counsel then imposed the private reprimand on Runsvold for his conduct, which Bar Counsel had the authority to do. *See Matter of Malmin,* 126 Idaho 1024, 895 P.2d 1217 (1995). We hold that this was the appropriate sanction considering the circumstances of the violation.

### IV.

### CONCLUSION

We hold that I.R.P.C. 4.2 applies to attorneys acting *pro se* and that a *pro se* attorney may not communicate with the opposing party about the subject of the representation. In the present case, we conclude that there is substantial and competent evidence that Rule 4.2 was violated by Runsvold.

We further hold that no actual harm need be proved for a rule violation to have occurred.

Finally, we hold that a private reprimand is the appropriate sanction in this case considering the circumstances of the violation.

Accordingly, the imposition of the private reprimand is affirmed.

No attorney fees on appeal. Costs on appeal to respondent.

McDEVITT, C.J., TROUT and SCHROEDER, JJ., and SWANSTROM, J. Pro Tem, concur.