25 P.3d 846

In the Matter of the Petition for Review of the Decision of the Professional Conduct Board of the Idaho State Bar.

DEFENDANT A, Petitioner,

v.

IDAHO STATE BAR, Respondent.

No. 26768.

Supreme Court of Idaho, Boise, March 2001 Term.

May 31, 2001.

Calvin H. Campbell, Twin Falls, for petitioner.

Michael J. Oths, Bar Counsel, Boise, for respondent.

KIDWELL, Justice.

This appeal arises from an attorney discipline matter before the Professional Conduct Board of the Idaho State Bar. The Board determined that Defendant A violated an Idaho Rule of Professional Responsibility by failing to promptly return funds owed to the client. Defendant A appeals the Board's decision, claiming that the Board erred in de-

termining that the funds were owed to the client. We affirm the Board's decision.

# I.

## FACTS AND PROCEDURAL BACKGROUND

Stephanie Holman hired Defendant A to represent her during her divorce. The two signed a Retainer Agreement on September 28, 1993. Under the terms of the agreement, Holman would pay Defendant A a $1,000.00 non-refundable retainer, and Defendant A would bill Holman $95.00 for his time and $35.00 for the time of his legal assistant.

After beginning representation, Defendant A informed Holman that his retainer would be increased to $10,000.00, which Holman paid. The parties disagree as to the purpose of this fee. Holman maintains that it was to be used only for expert witness fees, while Defendant A claims the fee was to be used for witness fees as well as his legal fees. Additionally, Defendant A increased the legal assistant fee from $35.00 per hour to $65.00 per hour. Holman claims that she never agreed to this increase.

Including the $10,000.00 retainer, Holman paid Defendant A $13,500.00 for his representation, which ended in a settlement on the day of the trial. The attorney of Holman's husband charged Mr. Holman $5,375.00 for his representation.

Approximately four months after the end of Defendant A's representation, Holman filed a petition for fee arbitration. Defendant A agreed to participate in the arbitration, but did not agree to be bound by the arbitrator's decision. Defendant A did not participate in the arbitration; rather, he was represented by counsel at the hearing.

On February 26, 1996, the three-person arbitration panel released its decision of arbitration. The panel found that Defendant A and Holman had agreed that Holman would be billed at $35.00 per hour for the work of the legal assistant. The panel determined that in accordance with this agreement, Holman had been over-billed by $1,647.00. The panel then determined that the $10,000.00 paid by Holman was intended to be used only for expert witnesses and that after payment of the witnesses, Defendant A should return $9,010.00 of the unused retainer to Holman. Finally, the panel determined that because Defendant A had never presented the other side with a counter-proposal, that his fee for representing Holman should be reduced to $3,000.00 over the amount charged by Mr. Holman's attorney, thus reducing Defendant A's fee to $8,376.00.

By a letter dated July 24, 1996, Defendant A notified the Idaho State Bar that he did not intend to be bound by the arbitration panel's decision, and that he would defend any court actions against him. Defendant A was later contacted by William A. Parsons, who had been appointed to represent Holman in litigation against Defendant A. Parsons and Defendant A corresponded in an attempt to reach a settlement, however no settlement was ever reached, nor was any additional court action taken against Defendant A.

The Idaho State Bar Association took up the matter in November of 1998. At that time, Bar Counsel contacted Defendant A and indicated that a disciplinary file had been opened against Defendant A regarding his dealings with Holman. After an investigation, Assistant Bar Counsel Jo-Ann Bowen issued her decision on September 17, 1999.

In her decision, Bowen determined that there was insufficient evidence to support a claim of professional misconduct relating to Defendant A's application of the $10,000.00 legal fees as well as expert fees. Bowen also concluded that there was not clear and convincing evidence to support the arbitrator's decision that Defendant A charged Holman an unreasonably high fee. Finally, Bowen determined that Defendant A had violated the Idaho Rules of Professional Conduct by failing to return a portion of Holman's money for which Defendant A had overcharged Holman. In reaching this conclusion, Bowen found that the decision of the arbitrators, that Holman had not agreed to the increased rate for the legal assistant, put Defendant A on notice that he was wrongfully holding Holman's money. Bowen then held that Defendant A should receive a private reprimand

and that he pay restitution in the amount of $1,647.00 to Holman.

Defendant A appealed the decision of the Assistant Bar Counsel, and on June 19, 2000, a telephone conference was held before the Appeal Hearing Committee of the Professional Conduct Board of the Idaho State Bar. On July 24, 2000, the Committee released its decision, affirming the decision of the Assistant Bar Counsel. Defendant A now seeks review by the Idaho Supreme Court.

## II.

## STANDARD OF REVIEW

This Court bears the ultimate responsibility for determining what sanctions should be imposed on an attorney. *Idaho State Bar v. Williams,* 126 Idaho 839, 843, 893 P.2d 202, 206 (1995). In reviewing a "hearing committee's decision affirming bar counsel's private reprimand, we look to see if the hearing committee's decision was clearly erroneous or arbitrary and capricious." *Runsvold v. Idaho State Bar,* 129 Idaho 419, 420, 925 P.2d 1118, 1119 (1996). While we independently review the record and assess the evidence, we nevertheless give the hearing committee's findings of fact great weight. *Id.* The Idaho State Bar must prove the misconduct by clear and convincing evidence. *Defendant A v. Idaho State Bar,* 132 Idaho 662, 664, 978 P.2d 222, 224 (1999). However, the disciplined attorney bears the burden of proving that the evidence does not support the factual findings. *Id.*

## III.

## ANALYSIS

### A. Defendant A Failed To Prove That The Assistant Bar Counsel And The Hearing Committee's Determination Was Clearly Erroneous.

Defendant A's first contention is with the Assistant Bar Counsel's determination that it is "implausible" that Holman agreed to the increased fee for the legal assistant, absent any proof of a modification of the retainer agreement.

The basis of Defendant A's argument is that there is no evidence to support the Assistant Bar Counsel's conclusion. However, in her decision, the Assistant Bar Counsel set out the specifics of the agreement between Defendant A and Holman. She then explained that she found it difficult to believe that Defendant A, who took the time to execute a Retainer Agreement with Holman, would not have taken the time to provide a written modification of the contract. This finding of fact was based upon the investigation of the Assistant Bar Counsel in preparation of her decision.

Defendant A argues that this finding is clearly erroneous in light of the undisputed fact that he and Holman orally agreed to modify the same contract as it pertained to the amount of the retainer fee. He claims that this fact adds support to his claim that the two had also orally agreed to modify the contract as to the legal assistant's fee.

While another trier of fact may have come to a different conclusion as to the intent of the parties, this Court is bound to give great weight to the findings of fact presented here. *Matter of Malmin,* 126 Idaho 1024, 1026, 895 P.2d 1217, 1219 (1995). Additionally, on review, it is the burden of the disciplined attorney "to show that the findings of fact are not supported by the evidence." *Id.* (internal quotations omitted). Therefore, we affirm the Assistant Bar Counsel's finding that Defendant A overcharged Holman for the legal assistant services.

### B. The Arbitration Panel's Determination Was Appropriate.

Defendant A asserts that a bar disciplinary action is not the correct remedy for a disagreement over the terms of a fee agreement.

Attorneys licensed to practice in the State of Idaho are subject to the rules as established by the Board of Commissioners of the Idaho State Bar. I.C. § 3–408. Section VII of the Idaho Bar Commission Rules governs fee arbitrations between attorneys and their clients. These rules allow for a hearing panel to be convened for the purpose of arbitrating a fee dispute. Rule 704.

Upon completion of the hearing, the panel is to render a decision which consists of "a brief statement of the dispute; the findings; and the terms of payment, if applicable." Rule 705(b).

Here, Defendant A charged Holman more than was provided for in the written fee agreement. Since Defendant A could not produce evidence that he and Holman had modified the written contract, it is clear that the terms of the original agreement must be followed. Following an investigation, the Assistant Bar Counsel made the finding of fact that it was implausible that the two had agreed to a contract modification, and this Court is required to give the hearing committee's findings of fact great weight. *Runsvold*, 129 Idaho at 420, 925 P.2d at 1119.

Therefore, based on the Assistant Bar Counsel's determination that Defendant A overcharged Holman for the services of the legal assistant, a disciplinary action is appropriate against Defendant A. This action could be brought irrespective of the arbitration decision, and could have been brought even if there had been no arbitration decision. In fact, the Assistant Bar Counsel disagreed with some of the findings of the arbitration panel and determined that there was no basis for its finding that the $10,000.00 retainer was intended only to satisfy expert witness fees. Consequently, we affirm the hearing committee's decision.

## C. Intent To Be Deceitful Or Dishonest Is Not A Required Element Of Rule 1.15.

Defendant A complains that the Assistant Bar Counsel and the hearing committee erred in finding that he violated Rule 1.15 of the Idaho Rules of Professional Conduct, without proof that he acted with intent to be deceitful or dishonest. Defendant A claims that this Court has required that this intent be found in order to support a disciplinary action.

■ In support of his contention, Defendant A cites several cases. First, he cites *In Re Jenkins*, 120 Idaho 379, 816 P.2d 335 (1991). While this case does involve an attorney discipline case, it never refers to deceitful or dishonest conduct on the part of the

attorney—rather, this case deals with the misconduct of an attorney's employee who improperly solicits prospective clients. *Id.* at 380, 816 P.2d at 336.

Next he cites *In Re Baum*, 32 Idaho 676, 186 P. 927 (1920). In that disbarment case, Baum was charged with, among other things, failure to return money belonging to a client after the client had made a written demand. *Id.* at 685, 186 P. at 930. However, the Court never reached the merits of the claim, instead ruling that the charges against Baum were not specific enough to support the claim. *Id.* at 687, 186 P. at 931.

Defendant A also cites *In Re May*, 96 Idaho 858, 538 P.2d 787 (1975). In that case, May was charged with, among other things, violation of one of the sections of Professional Responsibility, DR 1–102(4), which prohibits engaging in conduct involving fraud, dishonesty, deceit, or misrepresentation. *May*, 96 Idaho at 861, 538 P.2d at 790. Although the Court found that proving fraudulent or deceitful intent was a requirement, it did so because that was the language of the rule which May was charged with violating. *Id.* at 862, 538 P.2d at 790.

The other cases cited by Defendant A do not discuss his proposition that violating Rule 1.15 must be shown with intent to be deceitful or dishonest. Thus, Defendant A has failed to show that intent to be deceitful or dishonest is a specific required element of Rule 1.15.

## IV.

## CONCLUSION

We affirm the decision of the Professional Conduct Board, holding that Defendant A violated Rule 1.15 of the Idaho Rules of Professional Conduct and imposing a private reprimand and ordering the return of $1,647.00. No attorney fees are awarded on appeal. Costs are awarded to respondent.

Chief Justice TROUT, and Justices SCHROEDER, WALTERS, and EISMANN CONCUR.