

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-22-00796-CV

William W. **RUTH**,
Appellant

v.

**COMMISSION FOR LAWYER DISCIPLINE**,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 16965
Honorable Roy B. Ferguson, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: June 20, 2024

AFFIRMED

This appeal arises from an attorney disciplinary proceeding in which the trial court found as a matter of law that appellant William Ruth—an attorney who represented himself—violated Rule 4.02 of the Texas Disciplinary Rules of Professional Conduct when he communicated with the opposing party who was represented by counsel. In his sole issue, Ruth contends the rule allowed him to communicate with the opposing party without counsel's consent because the no-

contact rule does not apply to a pro se lawyer so long as the pro se lawyer does not also represent any other client in the matter.  We affirm.

## BACKGROUND

The Commission for Lawyer Discipline (the "Commission") initiated a disciplinary action against Ruth for alleged violations of the Texas Disciplinary Rules of Professional Conduct.[1]  In that litigation, Ruth appeared pro se.  Ruth e-filed two motions and directly served individual members of the Commission by adding them to the e-service list.  Disciplinary counsel for the Commission informed Ruth this conduct was improper communication with her client and requested Ruth cease these communications.  Ruth continued to directly serve filings on members of the Commission and wrote a letter directly to the Commission chair.

After Ruth failed to heed counsel's warning to cease communications with her client, the Commission initiated the underlying disciplinary proceeding,[2] alleging Ruth violated the no-contact rule under Rule 4.02(a) of the Texas Disciplinary Rules of Professional Conduct.[3]  *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 4.02(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (TEX. STATE BAR R. art. X, §9).  Predicated on its allegation of a Rule 4.02(a) violation, the Commission also alleged Ruth violated Rule 8.04(a)(1), which prohibits a lawyer from violating the Texas Disciplinary Rules of Professional Conduct whether or not such violation occurred in the course of a client-lawyer relationship.  *See id.* R. 8.04(a)(1).  The Commission filed a traditional partial motion for summary judgment asserting the uncontroverted evidence showed that Ruth communicated with members of the Commission without their

---

[1] The underlying disciplinary proceeding arose from Ruth's conduct in another disciplinary action initiated against Ruth.

[2] We refer to the disciplinary action that is the subject of this appeal as the underlying disciplinary proceeding.  This underlying disciplinary proceeding is the second disciplinary action brought against Ruth by the Commission.

[3] The Commission alleged other violations of the disciplinary rules that were later abandoned by the Commission.

counsel's consent, there are no genuine issues of material fact regarding the communications, and the Commission is entitled to judgment as a matter of law. Ruth filed a competing motion for summary judgment, contending the no-contact rule only applies to a lawyer who is representing a client and does not apply to a lawyer who is representing himself pro se.

The trial court denied Ruth's motion for summary judgment and granted the Commission's motion for summary judgment regarding violations of Rules 4.02(a) and 8.04(a)(1) of the Texas Disciplinary Rules of Professional Conduct. Specifically, the trial court found "there is no genuine issue of material fact that [Ruth] communicated or caused or encouraged another to communicate about the subject of the representation with a person, organization or entity of government the lawyer knew to be represented by another lawyer regarding that subject, without the consent of the other lawyer to do so, or being authorized by law to do so." Following a trial on sanctions, the trial court signed a final judgment of suspension suspending Ruth from the practice of law for five years. Ruth appeals.

## STANDARD OF REVIEW

We review a trial court's ruling on a summary judgment motion de novo. *Tarr v. Timberwood Park Owners Assoc., Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). To prevail on a traditional summary judgment motion, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). In reviewing a trial court's summary judgment ruling, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Knott*, 128 S.W.3d at 215. When competing summary judgment motions are filed, each movant has the burden of establishing its entitlement to judgment as a matter of law. *Tarr*, 556 S.W.3d at 278.

When both parties move for summary judgment and the trial court grants one party's motion for summary judgment—while denying the other party's motion for summary judgment—the unsuccessful party may appeal both the grant of the prevailing party's motion and the denial of its own motion. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007). Typically, in such a case, a reviewing court should review both parties' summary judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## DISCUSSION

In his sole issue, Ruth argues the Commission was not entitled to judgment as a matter of law because Rule 4.02(a) of the Texas Disciplinary Rules of Professional Conduct does not apply to a pro se lawyer so long as the pro se lawyer does not also represent any other client in the matter.[4] Consequently, Ruth argues the Commission's legal theory is flawed and the trial court erred when it granted the Commission's motion for summary judgment.

We must decide whether the rule prohibiting a lawyer from contacting an opposing party without the consent of that party's counsel applies to a pro se lawyer Though there are persuasive authorities addressing this issue, we have found no Texas caselaw that is directly on point; thus, this appears to be an issue of first impression in Texas.

We apply principles of statutory construction when interpreting the disciplinary rules. *In re Caballero*, 272 S.W.3d 595, 599 (Tex. 2008); *see also In re CMH Homes, Inc.*, No. 04-13-00050-CV, 2013 WL 2446724, at *5 (Tex. App.—San Antonio June 5, 2013, orig. proceeding) ("Although the disciplinary rules are not legislative statutes, the analysis of such should be no different."). "We review issues of statutory construction de novo." *In re A.R.G.*, 645 S.W.3d 789,

---

[4] The trial court's finding that Ruth violated Rule 8.04(a)(1) of the Texas Disciplinary Rules of Professional Conduct was predicated on its finding that Ruth violated Rule 4.02(a).

795 (Tex. App.—San Antonio 2022, no pet.) (citing *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010)). Our primary objective in construing statutes is to give effect to the drafter's intent. *A.R.G.*, 645 S.W.3d at 795. We rely on the plain meaning of the text as expressing intent unless a different meaning is supplied by definition or is apparent from the context, or the plain meaning leads to absurd results. *Id.* We presume the drafter chose its words carefully intending all words in a statute to have meaning and for none of them to be useless. *In re C.J.N.-S.*, 540 S.W.3d 589, 591 (Tex. 2018).

Rule 4.02(a) of the Texas Disciplinary Rules of Professional Conduct states:

> In representing a client, a lawyer shall not communicate or cause or encourage another to communicate about the subject of the representation with a person, organization or entity of government the lawyer knows to be represented by another lawyer regarding that subject, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 4.02(a).

Ruth does not contest the Commission's status as an entity of government, nor does he contest that the Commission was represented by counsel who informed Ruth to stop communicating directly with Commission members. Instead, Ruth argues the prefatory clause "[i]n representing a client" shows the supreme court intended for Rule 4.02(a) to apply only to attorneys who are representing a client's interest as opposed to their own interest.[5] The Commission argues Ruth is representing himself as a client; therefore, the no-contact rule applies to him regardless of his status as a pro se litigant. The parties point to non-binding and conflicting authorities to support their respective arguments.

---

[5] "The disciplinary rules were promulgated by the Texas Supreme Court and ratified by the members of the bar." *Children's Medical Ctr. Of Dallas v. Richardson*, No. 05-94-01157-CV, 1995 WL 307484, at \*4 (Tex. App.—Dallas May 18, 1995, no writ) (mem. op., not designated for publication) (citing TEX. GOV'T CODE ANN. § 81.024).

### A. Restatement and Ethics Opinions

Ruth points to the restatement of the law governing lawyers as well as an ethics opinion from the Texas Committee on Professional Ethics. The restatement provides that a lawyer may not communicate with a nonclient who the lawyer knows is represented by another lawyer—about the subject of the representation—without the nonclient's lawyer's consent unless "the lawyer is a party and represents no other client in the matter[.]" RESTATEMENT (THIRD) OF THE L. GOVERNING LAWYERS § 99(1)(b) (AM. L. INST. 2000).

Likewise, Texas ethics opinion 653 states: "In the opinion of the Committee, Rule 4.02(a) of the Texas Disciplinary Rules does not apply to a lawyer who is a party to a lawsuit or transaction but does not represent any other party in the matter" and the lawyer "is not prohibited by Rule 4.02(a) from communicating directly with an adverse party in the matter without the consent of the adverse party's lawyer." TEX. COMM. ON PROF'L ETHICS, Op. 653, 79 Tex. B.J. 234 (2016).

However, the American Bar Association's Committee on Ethics and Professional Responsibility ("ABA Ethics Committee") came to the opposite conclusion when analyzing the model rule that is nearly identical to the Texas rule. *See* ABA COMM. ON ETHICS & PRO. RESP., Formal Op. 22-502 (2022). In formal opinion 22-502, a majority of the ABA Ethics Committee determined "the language of [the no-contact rule] and its purpose lead to the conclusion that the no-contact rule applies to pro se lawyers." *See id.* The committee reasoned pro se lawyers "represent themselves as 'a client,' and direct pro se lawyer-to-represented person communication in such circumstances can result in a substantial risk of overreaching, disruption of the represented person's client-lawyer relationship, and acquisition of [uncounseled] disclosures." *Id.*

The ethics opinions are advisory and—like the restatement—not binding on this court. *See Abdel Hakim Labidi v. Sydow*, 287 S.W.3d 922, 929 (Tex. App.—Houston [14th Dist.] 2009, no

pet.) (noting Texas ethics opinions are advisory and not binding authorities); *Sidley Austin Brown & Wood, LLP v. J.A. Green Dev. Corp.*, 327 S.W.3d 859, 866 (Tex. App.—Dallas 2010, no pet.) ("Such opinions are concerned with matters of attorney discipline and are advisory rather than binding."); *see also In re Thetford*, 574 S.W.3d 362, 381 (Tex. 2019) (orig. proceeding) (Brown, J., dissenting) (recognizing model rules and ABA ethics opinions are not binding authorities).

## B. Courts in Other Jurisdictions

Courts in all but one other jurisdiction that have addressed this issue have concluded the no-contact rule applies to lawyers representing themselves pro se. *See In re Steele*, 181 N.E.3d 976, 980 (Ind. 2022) (holding a pro se lawyer is subject to the no-contact rule); *In re Disciplinary Action Against Lucas*, 789 N.W.2d 73, 76 (N.D. 2010) (same); *In re Disciplinary Action Against Haley*, 126 P.3d 1262, 1269 (Wash. 2006) (same); *In re Discipline of Schaefer*, 25 P.3d 191, 199–200 (Nev. 2001) (same); *Runsvold v. Idaho State Bar*, 925 P.2d 1118, 1120 (Idaho 1996) (same); *Sandstrom v. Sandstrom*, 880 P.2d 103, 109 (Wyo. 1994) (same); *In re Segall*, 509 N.E.2d 988, 990 (Ill. 1987) (same); *see also Medina Cnty. Bar Ass'n v. Cameron*, 958 N.E.2d 138, 140–41, 141 n.1 (Ohio 2011) (stating in dicta that a pro se lawyer is subject to the no-contact rule). *But see Pinsky v. Statewide Grievance Comm.*, 578 A.2d 1075, 1079 (Conn. 1990) (concluding the no-contact rule did not apply to a lawyer because the court concluded the lawyer was not representing a client when he made the alleged improper communication).

Our sister court in Houston has also indicated a lawyer representing himself pro se is subject to Rule 4.02's no-contact provision. *See Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 259–60 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). In that case, Vickery, who was a lawyer, induced another lawyer to communicate a settlement offer directly to Vickery's spouse in a divorce proceeding without the consent of the spouse's counsel. *Id.* at 258–59. The

*Vickery* court held Vickery violated the Texas Disciplinary Rules of Professional Conduct by inducing the other lawyer to violate Rule 4.02. *Id.* at 259 n.11. Although *Vickery* is distinguishable from the case at bar, the court noted Vickery may have violated Rule 4.02 in his communication with his spouse because there was "some evidence Vickery acted as his own attorney." *Id.* at 259–60.

### C. Rule 4.02 Applies to Pro Se Lawyers

Having considered the conflicting authorities, we agree with those courts that have concluded the no-contact rule applies to pro se lawyers for two reasons.

First, the plain language of Rule 4.02 applies to pro se lawyers because a pro se lawyer "does represent a client when representing himself or herself in a matter[.]" *Runsvold*, 925 P.2d at 1120; *see also Haley*, 126 P.3d at 1269 ("[W]e hold that a lawyer acting pro se is 'representing a client' for purposes of [the no-contact rule]."). We begin with the premise that *all* lawyers admitted to practice law in Texas are subject to the disciplinary rules. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 8.05(a) & cmt. 1. There is no distinction between pro se lawyers and lawyers representing other clients in the application of the disciplinary rules of professional conduct. Ruth essentially argues that he took his lawyer hat off to put on his client hat when he represented himself in the underlying disciplinary proceeding. However, "an attorney who proceeds pro se in a matter functionally occupies the roles of both attorney and client." *Steele*, 181 N.E.3d at 979; *see also Sandstrom*, 880 P.2d at 109 ("An attorney who is himself a party to the litigation represents himself when he contacts an opposing party." (quoting *Segall*, 509 N.E.2d at 990)); ABA COMM. ON ETHICS & PRO. RESP., Formal Op. 22-502 (2022) ("[I]t is not possible for a pro se lawyer to 'take off the lawyer hat' and navigate around [the no-contact rule] by communicating solely as a client.").

Second, the purpose of Rule 4.02 is "to preserve the integrity of the client-lawyer relationship by protecting the represented party from the superior knowledge and skill of the opposing lawyer." *In re News Am. Pub., Inc.*, 974 S.W.2d 97, 100 (Tex. App.—San Antonio 1998, orig. proceeding). Further, the rule "is directed at efforts to circumvent the lawyer-client relationship existing between other persons, organizations or entities of government and their respective counsel." TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 4.02 cmt. 1. "Most courts have held [the no-contact rule] applies to attorneys representing themselves because it is consistent with the purpose of the rule." *Lucas*, 789 N.W.2d at 76. A party is not entitled to less protection from the superior knowledge and skill of an opposing lawyer merely because the lawyer is appearing pro se. *See Schaefer*, 25 P.3d at 199 ("The lawyer still has an advantage over the average layperson, and the integrity of the relationship between the represented person and counsel is not entitled to less protection merely because the lawyer is appearing pro se."). And, a party who has employed counsel as an intermediary between himself and opposing counsel should not lose the protection of the rule merely because opposing counsel is also a party to the litigation. *Segall*, 509 N.E.2d at 990. If we were to accept Ruth's contention that Rule 4.02 does not apply to him, the intent of the rule would be frustrated. *See Runsvold*, 925 P.2d at 1120.

Because a lawyer acting pro se represents himself as a client, and the purpose of Rule 4.02 would be subverted if it were inapplicable to pro se lawyers, we hold a pro se lawyer is subject to Rule 4.02. As such, the pro se lawyer is prohibited from communicating about the subject matter of the representation with a party who the lawyer knows is represented by counsel, unless counsel consents.

Accordingly, Ruth's sole issue is overruled.

**CONCLUSION**

We affirm the trial court's judgment.

Irene Rios, Justice